**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. Nos. 1611010883 |
| | ) | 1609013813 |
| ABDULLAH BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: July 30, 2025
Decided: August 4, 2025

**<u>ORDER</u>**

This 4th day of August 2025, upon consideration of the Motion for Correction of an Illegal Sentence filed by Defendant Abdullah Brown ("Bown");[1] and the record in this case, it appears to the Court that:

1. Brown pled guilty in two separate cases. On June 18, 2018, he pled guilty to Robbery First Degree and Conspiracy Second Degree in ID No. 1609013813.[2] In that plea agreement, the parties agreed to recommend a sentence of 25 years at Level V, suspended after 3 years for descending levels of probation on the robbery charge and a suspended sentence on the conspiracy charge.[3] On January 23, 2019, Brown pled guilty to Manslaughter and Possession of a Firearm During the Commission of a Felony ("PFDCF") in ID No. 1611010883.[4] That plea

---

[1] D.I. 69 (ID No. 1611010883); D.I. 48 (ID No. 1609013813).
[2] D.I. 37.
[3] *Id.*
[4] D.I. 58.

agreement contained the following language: "As to the Manslaughter, Possession of a Firearm During the Commission of a Felony, and Robbery 1ˢᵗ Degree in case # 1609013813, the State will cap its total Level 5 recommendation at 13 years at Level 5.[5]   On February 27, 2019, the Court sentenced Brown on all four charges.   He was sentenced to 25 years at Level V, suspended after three years for decreasing levels of supervision on the robbery charge, 25 years at Level V, suspended after 2 years for probation on the Manslaughter charge; 10 years at Level V on the PFDCF charge, and a suspended sentence on the conspiracy charge.[6]

2.     In his Motion, Brown states: "I accepted a 3 year plea on the robbery case and 10 years on the manslaughter case capped at 10 years.   I never accepted a open plea deal.   I accepted 13 years altogether."[7]   He acknowledges the State complied with its sentencing obligation under the plea agreement, but complains that the Court gave him an additional two years.[8]   He contends that *Erlanger v. United States*[9]   precludes the Court from imposing those additional two years.[10]

---

[5] *Id.*
[6] D.I. 60 (ID No. 1611010883); D.I. 39 (ID No. 1609013813) (Subsequent docket item references are to ID No. 1611010883.)
[7] D.I. 69.
[8] *Id.*
[9] 602 U.S. 821 (2024).
[10] D. I. 69

3. Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[11] A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[12] The Court may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence which is 90 days of the imposition of sentence.[13]

4. Here, the Court need not determine whether the motion more properly is one to correct an illegal sentence, and thus cognizable, or a time barred motion to correct a sentence illegally imposed. Nor, need the Court consider whether *Erlinger* may be retroactively applied to his case. The Court need only consult the Plea Agreement and the Sentence Order to determine Brown is not entitled to relief under either interpretation of the motion.

5. In *Erlinger* the Court held that "'[a] fact that increases" a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be "submitted to a jury" and found unanimously and beyond a

---

[11] Super. Ct. Crim. R. 35(a).
[12] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[13] Super. Ct. Crim. R. 35(a) and (b).

3

reasonable doubt.'"[14]  In Brown's case, the Court made no factual determinations that exposed him to a higher maximum or minimum sentence.  It simply sentenced him within the statutory range.  *Erlinger* and similar cases are not implicated.

6.     Finally, Brown seems to argue that the State's agreement to limit its sentencing recommendation to 13 years binds the Court to that sentence.  Brown is mistaken.  The parties are free to recommend a sentence to the Court, as they did here.  But, the Court is not bound by that recommendation and is fee to sentence defendants to any sentence within the statutory range, just as it did here.

**THEREFORE,** Defendant Abdullah Brown's Motion for Correction of an Illegal sentence is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

Original to Prothonotary
cc: Andrew J. Vella, Esquire, Chief of Appeals
    Abdullah Brown
     Investigative Services

---

[14] *Erlinger* 602 U.S. at 833 (quoting *Alleyne v United States*, 570 U.S. 99, 111-113)